IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARKETGRAPHICS RESEARCH GROUP, INC., | ) ) ) | |
| Appellant, | ) ) ) | Case No. 3:14-cv-02027 |
| v. | ) ) | Senior Judge Haynes |
| DAVID BERGE, | ) ) | |
| Appellee. | ) | |

**MEMORANDUM**

Before the Court is Appellant MarketGraphics Research Group, Inc.'s ("MarketGraphics")

application for permission to appeal (Docket Entry No. 2) pursuant to 28 U.S.C. § 158(a)(3).

MarketGraphics seeks leave to appeal the Bankruptcy Court's September 30, 2014 Memorandum

Opinion and Order denying MarketGraphics' motion for summary judgment. In response, Appellee

David Berge filed a motion for summary affirmance of the Bankruptcy Order (Docket Entry No. 3),

but subsequently withdrew that motion. (Docket Entry No. 7).

For the reasons stated herein, Appellant's application for permission to appeal (Docket Entry

No. 2) is denied.

**A. Facts and Procedural History**

This appeal originates from a previous action in this Court, MarketGraphics Research Group,

Inc. v. Donald Berge, et al., No: 3:13-cv-00001, where MarketGraphics filed an action against

Donald, David, and Martha Berge as well as three limited liability companies under their control.

The District Court granted MarketGraphics' motion for summary judgment against David Berge and

the three limited liability companies. The District Court found that Berge had willfully or knowingly

violated the Tennessee Consumer Protection Act ("TCPA") and entered judgment against him for

$72,328 in compensatory damages and $144,656 in treble damages. MarketGraphics Research

Group, Inc. v. Donald Berge, et al., No: 3:13-cv-00001, Docket Entry No. 64, Judgment at 1. The

District Court also found that Berge had willfully infringed on MarketGraphics' valid copyrights and

entered judgment against Berge for $108,752 in damages. Id.

Berge subsequently filed a Chapter 7 bankruptcy petition in which MarketGraphics

commenced an adversarial proceeding to assert the non-dischargeability of the District Court

Judgment. Specifically, MarketGraphics contends that the District Court's Judgment establishes the

elements of 11 U.S.C. § 523(a)(6) and justifies collateral estoppel in non-dischargeability. In the

underlying Bankruptcy proceeding, Berge conceded that the District Court Judgment is entitled to

collateral estoppel as to the "willful" element of 11 U.S.C. § 523(a)(6), but disputed that the District

Court Judgment established that he acted with "malice" or that he engaged in the common law torts

asserted. In its September 30, 2014 Memorandum Opinion and Order, the Bankruptcy Court denied

MarketGraphics' motion for summary judgment based upon the absence of any express reference

to malice in the District Court's Judgment. (Docket Entry No. 2-1, Memorandum Opinion of the

United States Bankruptcy Court).

MarketGraphics seeks interlocutory review of the Bankruptcy Court's ruling. Specifically,

MarketGraphics seeks certification on the following issues:

> (1) Whether the Bankruptcy Court erred by concluding that the
> District Court's judgment did not conclusively establish that David
> Berge had "maliciously" injured the Plaintiff within the meaning of
> 11 U.S.C. § 523(a)(6), even though that judgment established that he
> "willfully" injured the Plaintiff.
>
> (2) Whether the Bankruptcy Court erred by concluding that the

District Court's judgment did not conclusively establish that David Berge had willfully and maliciously injured the Plaintiff within the meaning of 11 U.S.C. § 523(a)(6) by engaging in a tortious civil conspiracy and intentional interference with business relations.

(3) Whether the Bankruptcy Court erred by declining to entertain Plaintiff's motion for summary judgment on the alternative grounds of the Defendant's testimony, on the basis merely that the Defendant had asserted the existence of disputed questions of fact.

## B. Conclusions of Law

This Court has jurisdiction to hear interlocutory bankruptcy appeals under 28 U.S.C. § 158(a)(3). In deciding whether to permit such an interlocutory bankruptcy appeal, courts consider the factors set forth in 28 U.S.C. § 1292(b), that defines the scope of appellate jurisdiction over interlocutory appeals from the district courts. Cousins Properties, Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles EC, Inc.), 462 B.R. 645, 647 (B.A.P. 6th Cir. 2011). Section 1292(b) requires three elements in order to confer jurisdiction over interlocutory orders: (1) it must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion about it; and (3) immediate appeal must materially advance the ultimate termination of the litigation. Winnett v. Caterpillar, Inc., No. 3:06-cv-00235, 2007 WL 2123905, at *3 (M.D.Tenn. July 20, 2007) (citing West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis (In re City of Memphis), 293 F.3d 345, 350 (6th Cir. 2002)). Permission to appeal from an interlocutory order "should be granted only in exceptional circumstances so as not to contravene the judicial policy of discouraging interlocutory appeals and avoiding disruption and delay that results in piecemeal litigation." In re James River Coal Co., No: 305-00294A, 2006 WL 3761965, at *3 (M.D. Tenn. Dec. 20, 2006) (citations omitted). Thus, interlocutory appeal is most appropriate "in protracted and expensive litigation where failure to resolve a question of law early in the case could lead to the

placement of an enormous burden on the parties." Id.

## 1. Controlling Question of Law

Appellant's first issue for appeal seeks to determine whether the District Court's Judgment establishes that Appellee acted "maliciously" under 11 U.S.C. § 523(a)(6) and is, therefore, entitled to collateral estoppel. Similarly, Appellant's second issue for appeal is whether the District Court's Judgment conclusively established that Appellee acted "willfully" and "maliciously" under 11 U.S.C. § 523(a)(6) by engaging in tortious civil conspiracy and intentional interference with a business relationship. Both of these issues involve a controlling question of law, as its resolution "could materially affect the outcome of the case." In re City of Memphis, 293 F.3d at 351.

Yet, Appellant's third issue for appeal is whether the Bankruptcy Court erred in denying the motion for summary judgment on alternative grounds based upon the existence of genuine issues of material fact. The "contention that the district court erred in finding a genuine issue of fact for trial is not the type of legal question which we may entertain on an interlocutory basis." Gregory v. City of Louisville, 444 F.3d 725, 743 (6th Cir. 2006) (citing Johnson v. Jones, 515 U.S. 304, 313 (1995)); see also Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991) ("Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal . . . ). Accordingly, the Court concludes that Appellant's third issue of whether the Bankruptcy Court erred by denying the motion for summary judgment based on the existence of disputed questions of fact, does not involve a controlling issue of law and is, therefore, not appropriate for interlocutory appeal.

## 2. Substantial Ground for Difference of Opinion

A substantial ground for a difference of opinion exists when "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." Gaylord Entm't Co. v. Gilmore Entm't Group, 187 F. Supp.2d 926, 956 (M.D.Tenn. 2001).

Regarding Appellant's first issue for appeal, to prove willfulness under § 523(a)(6), "a creditor must show by a preponderance of the evidence that the debtor intended his actions and that the debtor either intended his actions to cause injury to the creditor or the debtor believed that injury to the creditor was substantially certain to follow." Peebles v. Hays (In re Hays), No. 3:12-90120, 2012 WL 2682788, *1 (Bankr. M.D. Tenn. July 6, 2012) (citing Tomlin v. Crownover (In re Crownover), 417 B.R. 45, 57 (Bankr. E.D. Tenn. 2009)); see also Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 464 (6th Cir. 1999) ("'willful' means 'voluntary,' 'intentional,' or 'deliberate.' As such, only acts done with the intent to cause injury – and not merely acts done intentionally – can cause willful and malicious injury." (quoting Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998))). In the context of § 523(a)(6), "malicious" refers to actions taken "in conscious disregard of one's duties or without just cause or excuse." Monsanto Co. v. Trantham (In re Trantham), 304 B.R. 298, 308 (6th Cir. 1986).

Here, Appellee [debtor] conceded in the Bankruptcy proceeding that the underlying District Court Judgment "is entitled to collateral estoppel as to the elements of 11 U.S.C. § 523(a)(6) with the exception of malice." Docket Entry No. 2-1, Memorandum Opinion of the United States Bankruptcy Court at 2. This concession implies that Appellee concedes that the District Court's Judgment is entitled to collateral estoppel as to willfulness under § 523(a)(6). As such, Appellant

contends that it is a "necessary conclusion" that Appellee's conduct was also malicious under §

523(a)(6). Docket Entry No. 2, Application for Permission to Appeal at 13.

To be sure, "in the great majority of cases, the same factual events that give rise to a finding

of 'willful' conduct, will likewise be indicative as to whether the debtor acted with malice." Superior

Metal Prods. v. Martin (In re Martin), 321 B.R. 437, 442 (Bankr. N.D. Ohio 2004) (emphasis added);

see also In re Crownover, 417 B.R. at 57 ("If the creditor proves willfulness, then malice is

necessarily implied. The intent to cause injury to another person or another person's property is

malicious unless the debtor had a just cause or excuse for acting with the intent to cause the injury.")

(emphasis added)). Yet, "the lack of a just cause or excuse is evidence of willfulness and malice but

not complete proof." In re Crownover, 417 B.R. at 58.

Moreover, "willful" and "malicious" are "distinct and separate concepts," and "the definition

of malice requires a heightened level culpability transcending mere willfulness." In re Martin, 321

B.R. at 440, 442. Thus, Appellee's concession as to willfulness does not necessarily foreclose the

need for the Bankruptcy Court to determine whether Appellee's conduct was also malicious under

§ 523(a)(6). See id. at 442 ("Thus, in conformance with the separate nature of the two requirements,

a debtor, in certain limited situations, may be found to have willfully converted a creditor's property,

but not to have acted in a malicious manner."); see also United States v. Shelmidine (In re

Shelmidine), 519 B.R. 385, 392 (Bankr. N.D.N.Y. 2014) ("Because § 523(a)(6) is a two-element

standard, the Court must analyze each element as a threshold issue." (citing In re Markowitz, 190

F.3d at 463 (noting that the absence of either the willful or malicious requirement from § 523(a)(6)

creates a dischargeable debt))).

As such, the Court concludes that Appellant's first issue for appeal merely disagrees with the

Bankruptcy Court's holding, rather than raising any doubt as to the appropriate legal standard to apply. Accordingly, the Court does not find a substantial ground for difference of opinion warranting interlocutory appeal as to this issue. See MidFirst Bank v. Johnston, No. 5:13-mc-49, 2014 WL 694943,*4 (N.D. Ohio Feb. 21, 2014) ("There are not substantial grounds for difference of opinion under § 1292(b) when, conversely, a litigant merely disagrees with the bankruptcy court's order. Rather, the difference of opinion must arise out of genuine doubt as to the correct legal standard." (internal citations omitted)).

Regarding Appellant's second issue for appeal, "it is the movant's burden to establish, by at least a preponderance of the evidence, the applicability of § 523(a)(6)." In re Martin, 321 B.R. at 440. Appellant contends that the Bankruptcy Court "appeared to accept" Appellee's argument "that the absence of an explicit reference in the District Court's Judgment to the common-law claims meant that those claims were not adjudicated in the Judgment." Docket Entry No. 2, Application for Permission to Appeal at 15. The Court notes that the Bankruptcy Court's Memorandum Opinion and Order (Docket Entry Nos. 2-1 and 2-2) do not specifically address Appellant's claims for civil conspiracy and intentional interference with business relations. Yet, without more, the Court is unable to determine whether a substantial ground for difference of opinion exists. Moreover, there is no reason this issue cannot be adequately addressed on direct appeal from a final judgment.

### 3. Materially Advance the Ultimate Termination of the Litigation

Finally, "[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court or relieve parties of significant burdens." Gaylord Entm't Co., 187 F. Supp.2d at 957 (quoting West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis, 138 F. Supp.2d 1015, 1026 (W.D. Tenn. 2000)). Although resolution of these dispositive

7

issues in favor of Appellant would materially advance the ultimate termination of the litigation, as discussed supra, the Court does not find any substantial ground for difference of opinion.

## C. Conclusion

Accordingly, the Court concludes that an appeal under § 158(a)(3) is not appropriate at this time, and Appellant's application for permission to appeal (Docket Entry No. 2) is **DENIED**.

An appropriate Order is filed herewith.

**ENTERED** this the ____20__ day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge