# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MARKETGRAPHICS RESEARCH<br>
GROUP, INC.,

   Appellant,

v.

DAVID BERGE,

   Appellee.

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

Case No. 3:14-cv-02027<br>
Senior Judge Haynes

## ORDER

  This action originates from a previous action in this Court, <u>MarketGraphics Research Group, Inc. v. Donald Berge, et al.</u>, No: 3:13-cv-00001, where Appellant, MarketGraphics Research Group, Inc. ("MarketGraphics"), filed an action against Donald, David, and Martha Berge as well as three limited liability companies under their control. The District Court granted MarketGraphics' motion for summary judgment against David Berge and the three limited liability companies, and found that Berge had willfully or knowingly violated the Tennessee Consumer Protection Act ("TCPA") and willfully infringed on MarketGraphics' valid copyrights.

  Berge subsequently filed a Chapter 7 bankruptcy petition in which MarketGraphics commenced an adversarial proceeding to assert the non-dischargeability of the District Court Judgment. Specifically, MarketGraphics contended that the District Court's Judgment established the elements of 11 U.S.C. § 523(a)(6) and justified collateral estoppel in non-dischargeability. In the underlying Bankruptcy proceeding, Berge conceded that the District Court Judgment is entitled to collateral estoppel as to the "willful" element of 11 U.S.C. § 523(a)(6), but disputed that the District Court Judgment established that he acted with "malice" or that he engaged in the common law torts

asserted. The Bankruptcy Court denied MarketGraphics' motion for summary judgment based upon the absence of any express reference to malice in the District Court's Judgment.

Following the Bankruptcy Court's ruling, MarketGraphics filed an application for permission to appeal. (Docket Entry No. 2). This Court denied MarketGraphics' application, finding that interlocutory appeal under 28 U.S.C. § 158(a)(3) was not appropriate. (Docket Entry No. 12).

Now pending before the Court is MarketGraphics' motion to ascertain status (Docket Entry No. 15) of its motion to certify or reconsider (Docket Entry No. 13). In its motion to certify, MarketGraphics seeks certification of two issues for immediate appeal under 28 U.S.C. § 158(d)(2):

> (1) Whether the Bankruptcy Court erred by concluding that the District Court's judgment did not conclusively establish that David Berge had "maliciously" injured the Plaintiff within the meaning of 11 U.S.C. § 523(a)(6), even though that judgment established that he "willfully" injured the Plaintiff; and
>
> (2) Whether the Bankruptcy Court erred by concluding that the District Court's judgment did not conclusively establish that David Berge had willfully and maliciously injured the Plaintiff within the meaning of 11 U.S.C. § 523(a)(6) by engaging in a tortious civil conspiracy and intentional interference with business relations.

In sum, MarketGraphics contends that certification is required under 28 U.S.C. § 158(d)(2) because: (1) this Court previously determined that resolution of the appeal would materially advance the ultimate termination of the litigation, and (2) there is no Sixth Circuit decision on how to apply the maliciousness standard under 11 U.S.C. § 523(a)(6) in the context of collateral estoppel following a determination of willfulness. In the alternative, MarketGraphics moves the Court, under Local Rule 7.01(b), to reconsider its previous Order denying the application for permission to appeal. Appellee, David Berge, filed a response in opposition (Docket Entry No. 14) contending that MarketGraphics failed to meet the three part test for interlocutory appeal under 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 158(d)(2), a party may seek permissive interlocutory review if the district court certifies that: (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken. See In re Lindsey, 726 F.3d 857, 858 (6th Cir. 2013). If the district court determines that any of these circumstances exist, then it shall make the certification. 28 U.S.C. 158(d)(2)(B) (emphasis added). Once such certification occurs, the court of appeals may, in its discretion, accept the certification and appeal. See In re Lindsey, 726 F.3d at 858.

Here, this Court previously denied MarketGraphics' application for permission to appeal. (Docket Entry No. 12). Specifically, the Court did not find a substantial ground for a difference of opinion warranting interlocutory appeal as to the two issues now presented for certification. See Docket Entry No. 11, Memorandum Opinion of the Court.[1] Yet, given the dispositive nature of the underlying motion for summary judgment from which this appeal originates, the Court found that resolution of these issues in favor of MarketGraphics would materially advance the ultimate termination of the litigation. Id. at 7-8. Although this determination was not sufficient to warrant

---

[1] The Court notes that, in its application for permission to appeal (Docket Entry No. 2), MarketGraphics raised an additional issue: whether the Bankruptcy Court erred by declining to entertain Plaintiff's motion for summary judgment on the alternative grounds of Defendant's testimony, on the basis merely that the Defendant has asserted the existence of disputed questions of fact. The Court concluded that this issue did not involve a controlling question of law and, therefore, was not appropriate for interlocutory appeal. See Docket Entry No. 11, Memorandum Opinion of the Court at 4. In its motion to certify or reconsider (Docket Entry No. 13), now pending before this Court, MarketGraphics does not seek certification of this third issue.

interlocutory appeal under the conjunctive standard of 28 U.S.C. § 1292(b), the standard under 28 U.S.C. § 158(d)(2) is written in the disjunctive. See In re Qimonda AG, 470 B.R. 374, 386 (E.D. Va. 2012) ("Also, importantly, under § 158(d)(2), unlike § 1292(b), a question of law need not be controlling or subject to a substantial ground for difference of opinion to warrant certification.").

Accordingly, Appellant's motion to ascertain status (Docket Entry No. 15) is **GRANTED**, and Appellant's motion to certify or reconsider (Docket Entry No. 13) is **GRANTED**. The Court concludes that certification is required under 28 U.S.C. § 158(d)(2)(A)(iii), as immediate appeal of these issues may materially advance the progress of the case or proceeding in which the appeal is taken.

It is so **ORDERED**.

**ENTERED** this the _13_ day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge